# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:08CR00024 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **DERRICK LAMONT EVANS**, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for the United States; Sandra B. Jelovsek, Johnson City, Tennessee, for Defendant.*

The defendant objected to the imposition of a statutory mandatory sentence of life imprisonment in this drug conspiracy case. For the reasons that follow, I have overruled his objections.

The defendant, Derrick Lamont Evans, pleaded guilty to conspiracy to possess with intent to distribute and distribute fifty grams or more of cocaine base and 500 grams or more of cocaine, in violation of 21 U.S.C.A. §§ 841(b)(1)(A), 846 (West 1999 & Supp. 2009). A Sentencing Enhancement Information, filed by the government pursuant to 21 U.S.C.A. § 851(a)(1) (West 1999), charged that he had been previously convicted of three felony drug offenses. The government thus contended that the defendant must be sentenced to life imprisonment, in obedience to § 841(b)(1)(A).

While Evans admitted that he had been convicted as charged in the Sentencing Enhancement Information, he denied that two of his prior North Carolina convictions were for felony drug offenses within the meaning of 21 U.S.C.A. § 802(44) (West Supp. 2009) (defining "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs.")

Evans made the same argument in an earlier motion seeking to withdraw his guilty plea. For the reasons stated in my opinion denying that motion, *United States v. Evans*, No. 1:08CR00024, 2009 WL 2184930, at *7-8 (W.D. Va. July 23, 2009), I find prior Fourth Circuit precedent controlling and the defendant's two North Carolina convictions in fact represent felony drug offenses within the meaning of the statute. *See United States v. Harp*, 406 F.3d 242, 246 (4th Cir. 2005); *United States v. Jones*, 195 F.3d 205, 207 (4th Cir. 1999); *United States v. Simmons*, No. 08-4475, 2009 WL 2371939, at *3 (4th Cir. Aug. 4, 2009) (unpublished) (analyzing continued viability of *Harp* and *Jones* in light of *United States v. Rodriquez*, 128 S. Ct. 1783 (2008)).

A second issue as to the imposition of the mandatory minimum sentence is the question of the determination of the applicable drug quantity. While Evans pleaded guilty to joining a conspiracy whose object was to distribute or possess with intent

to distribute fifty grams or more of crack cocaine and 500 grams or more of cocaine, he has never admitted, in his Plea Agreement or otherwise, that such a quantity of drugs was properly attributable to him. Indeed, he has contested the amount of drugs involved in his participation in the conspiracy. Under these circumstances, and in obedience to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), can the court impose the statutory mandatory minimum sentence applicable to fifty grams or more of crack cocaine or 500 grams or more of cocaine, when those amounts have not been determined by a jury or admitted by the defendant?

While the question is not entirely free from doubt, I find that *Harris v. United States*, 536 U.S. 545 (2002), controls, and that facts increasing the mandatory minimum sentence but not the maximum may be determined by the judge "without violating the Constitution." *Id.* at 557 (plurality opinion of Kennedy, J.). *See United States v. Washington*, 558 F.3d 716, 719 (7th Cir. 2009); *United States v. Webb*, 545 F.3d 673, 678 (8th Cir. 2008); *but see United States v. Gonzalez*, 420 F.3d 111, 125 (2d Cir. 2005) (holding that *Harris* does not apply to facts that simultaneously increase mandatory minimums and maximums).

In the present case, I find from abundant evidence that the government has proved that fifty grams of crack cocaine and 500 grams of cocaine are properly

-3-

Case 1:08-cr-00024-JPJ-RSB   Document 2137   Filed 08/17/09   Page 3 of 4   Pageid#: 11903

attributable to the defendant. Accordingly, the provisions of § 841(b)(1)(A) apply, and the defendant is subject to its mandatory minimum.

Where fifty grams or more of crack cocaine or 500 grams or more of cocaine are involved, § 841(b)(1)(A) requires a minimum sentence of twenty years, which is not more than the maximum sentence authorized under 21 U.S.C.A. § 841(b)(1)(C) (West Supp. 2009) for an unquantified amount of cocaine. The increase in the mandatory minimum to life imprisonment in Evans' case comes from his prior felony drug convictions, and it is settled that the fact of prior convictions need not be proved to a jury under the Constitution. *United States v. Sterling*, 283 F.3d 216, 219-20 (4th Cir. 2002). In any event, Evans has admitted these convictions, even though he disputes their legal effect.

For these reasons, I have denied the objections to the imposition of the statutory mandatory minimum[1] and imposed a sentence of life imprisonment.

It is so **ORDERED**.

ENTER: August 17, 2009

/s/ JAMES P. JONES
Chief United States District Judge

---

[1] The defendant also objected to certain of the recommendations of the probation officer in the presentence investigation report leading to the calculation of the defendant's Total Offense Level. While I resolved these objections at the sentencing hearing, they do not affect the sentence imposed, which was based solely on the mandatory minimum.

-4-