# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:08CR00024-001 |
| v. | ) OPINION |
| | ) |
| **DERRICK LAMONT EVANS,** | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Derrick Lamont Evans, Pro Se Defendant.*

The defendant, Derrick Lamont Evans, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. This matter is before me upon the United States' Motion to Dismiss.[1] Evans responded to the motion, making the matter ripe for disposition. After reviewing the record, I find that Evans' § 2255 claims are without merit and must be dismissed.

I.

In May 2008, Evans was indicted for conspiring to distribute and possess with the intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) ("Count One"), and for leasing, renting, using and

---

[1] Although the United States attached a statement from counsel to the Motion to Dismiss, I resolve the § 2255 motion without referencing the statement and without converting the Motion to Dismiss into a motion for summary judgment. *See, e.g.,* Fed. R. Civ. P. 12(d); Rule 12 of the Rules Governing Section 2255 Proceedings.

maintaining a place for the purpose of distributing a controlled substance, in violation of 21 U.S.C. § 856(a)(1) ("Count Six"). The court appointed Evans counsel, and Evans accepted a written plea offer from the United States. The Plea Agreement stated, in pertinent part, that (1) Evans would plead guilty to Count One, which carried a statutory range of incarceration between twenty years and life imprisonment; (2) the United States would move to dismiss Count Six; (3) Evans agreed to stipulate that he had been convicted in North Carolina in 1993 for selling or delivering cocaine in 1992 ("First Conviction"); (4) the United States would not use Evans' felony convictions in North Carolina in 1995 for possession with intent to sell marijuana ("Second Conviction") and in 1997 for possession of cocaine ("Third Conviction") to enhance Evans' sentence *if* Evans accepted responsibility for his conduct and complied with the conditions of the Plea Agreement; (5) the United States would not seek an additional enhancement of Evans' penalty range, pursuant to 21 U.S.C. § 851, based on the Second and Third Convictions; (6) the parties stipulated that Evans was considered a "Career Offender" and an "Organizer/Leader of Organization," pursuant to United States Sentencing Guidelines Manual ("U.S.S.G.") §§ 4B1.1 and 3B1.1(a) (2007), respectively; (7) both parties would seek a within-guidelines sentence; and (8) the United States would recommend that the court grant a three-level reduction for acceptance of

responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b). (Plea Agreement at 1-4, ECF No. 544.) Evans further agreed to waive his right to file an appeal or to collaterally attack any order entered in this case. (*Id.* at 8.)

While testifying on behalf of the United States in three jury trials of Evans' co-conspirators in late 2008, Evans admitted his involvement in the conspiracy and acknowledged the terms of the Plea Agreement. (*See, e.g.*, ECF Nos. 1075 at 176-81; 1119 at 2-50; 1302 at 2-43.) Nonetheless, Evans later wrote a letter to the court dated April 12, 2009, denying his involvement in the conspiracy. (ECF No. 1775.) In response, the United States filed a "Notice to Defendant of his Failure to Comply with Terms of Plea Agreement" (ECF No. 1854), asserting that Evans had breached the terms of the Plea Agreement. The United States explained that, as a consequence of Evans' breach, it would refuse to recommend the three-point reduction for acceptance of responsibility and would seek a life sentence based on Evans' three prior felony drug convictions.

The court granted counsel's motion to withdraw and appointed new counsel, who promptly filed a motion to withdraw Evans' guilty plea (ECF No. 2021). Second counsel argued that the Second and Third Convictions did not qualify as predicate convictions to make Evans eligible for a life sentence and further argued that the United States' and first counsel's misrepresentations about the North

-3-

Carolina convictions "coerced" Evans into signing the Plea Agreement. After a hearing on July 13, 2009, I denied Evan' motion to withdraw his guilty plea and determined that the Second and Third Convictions each constituted a "felony drug offense" for purposes of imposing a mandatory minimum life sentence, pursuant to 21 U.S.C. § 841(b)(1)(A).[2] I explained that

> Evans is simply trying to game the system by now seeking to withdraw his prior plea of guilty. He pleaded guilty because it was in his best interests to do so and not because of any lack of accurate advice as to the consequences. He was given a thorough Rule 11 examination before his plea was accepted, and his prior testimony and the other corroborating evidence a[m]ply supports his guilt.

*United States v. Evans*, 635 F. Supp. 2d 455, 464-65 (W.D. Va. 2009).

New counsel also objected to the fifty kilograms of crack cocaine attributed to Evans in the Presentence Report. Relying on *Harris v. United States*, 536 U.S. 545, 549 (2002), I concluded that I could lawfully determine facts that increase the mandatory minimum sentence, and I further concluded that the United States had proved Evans' involvement in the conspiracy leading to the distribution of at least fifty grams of crack cocaine or at least five hundred grams of cocaine. Due to these findings, the statutorily mandated minimum sentence increased from twenty

---

[2] A felony drug offense is defined in 21 U.S.C. § 802(44) as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."

years' imprisonment to life imprisonment. (Op. & Order 3-4, Aug. 17, 2009, ECF No. 2137). On August 18, 2009, I sentenced Evans to life imprisonment.

Evans appealed to the United States Court of Appeals for the Fourth Circuit. In response to Evans' arguments, the court of appeals determined that Evans' guilty plea was knowing and voluntary and that Evans admitted the threshold drug amount of at least fifty grams of crack cocaine or at least five hundred grams of cocaine when he pleaded guilty. *United States v. Evans*, 462 F. App'x 315, 317-18 (4th Cir 2012) (unpublished). Relying on *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), the court further held that the Second and Third Convictions did not constitute felony drug offenses. *Evans*, 462 F. App'x at 318. Consequently, the court vacated the life sentence and remanded the case to me for resentencing. *Id.* I subsequently sentenced Evans to three hundred months' imprisonment. No appeal was taken.

Evans' timely filed pro se Motion to Vacate, Set Aside, or Correct Sentence followed. Evans presents nine claims of ineffective assistance of counsel, one claim that his guilty plea was not knowing and voluntary because he was not informed of the nature and consequences of the Plea Agreement, and one claim of prosecutorial misconduct because the United States allegedly prosecuted Evans differently than his co-conspirators. For the following reasons, none of Evans'

claims warrant relief, and consequently, I will grant the United States' Motion to Dismiss.

## II.

Evans argues in his § 2255 motion that counsel's ineffective assistance caused his plea to be not knowing and involuntary and caused the court to err by attributing to him at least fifty grams of crack cocaine or at least five hundred grams of cocaine. The court of appeals rejected these arguments during direct review. Because the arguments underlying these ineffective assistance claims were already decided on direct appeal, they may not be relitigated in a § 2255 motion, and Evans cannot establish deficient performance and prejudice to state an ineffective assistance claim. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976); *see Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). Accordingly, these claims are dismissed.

## III.

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Whether a waiver is knowing and voluntary requires evaluation of the "adequacy of the plea colloquy," with "reference to the totality of the circumstances." *United*

*States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks and citation omitted). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks and citation omitted).

The record establishes that Evans entered a knowing and voluntary guilty plea, and he affirmed his understanding that he was waiving his right to collaterally attack the judgment and sentence. (Plea Hr'g Tr. 10:8-14, ECF No. 1298). Evans' claims of jurisdictional defects, errors in the Presentence Report, sentencing error, and prosecutorial misconduct fall within the scope of the collateral attack waiver in the Plea Agreement, and consequently, these claims must be dismissed.

IV.

Evans presents multiple claims of ineffective assistance of counsel. A petitioner claiming ineffective assistance of counsel must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984).[3] The first prong of *Strickland* requires a petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," meaning that counsel's representation fell below an

---

[3] If a petitioner has not satisfied one prong of the test, a court does not need to inquire whether he has satisfied the other prong. *Id.* at 697.

objective standard of reasonableness.[4]  *Id.* at 687-88.  The second prong of *Strickland* requires a petitioner to show that counsel's deficient performance prejudiced him by demonstrating a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  A petitioner who had pleaded guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial.  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Evans' claims of ineffective assistance of counsel do not show both deficient performance and resulting prejudice required by *Strickland*.  Most of the ineffective assistance claims are unsupported mere assertions and conclusory statements, such as, "Failure to engage fully in the [a]dversarial [p]rocess," "Failure to adhere to Federal Rules of Criminal Procedure," and "[F]ailed to engage investigators to research the case."  (§ 2255 Mot. 7, 9, 10A, ECF No. 3012.)  Such conclusory assertions made without any factual support are not

---

[4] *Strickland* established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  466 U.S. at 689.  "Judicial scrutiny of counsel's performance must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." *Id.*

-8-

sufficient to warrant relief or even an evidentiary hearing. *See, e.g., United States v. Dyess*, 730 F.3d 354, 359-60 (4th Cir. 2013); *see also* Rule 2(b) of the Rules Governing Section 2255 Proceedings (requiring a § 2255 motion to specify all grounds for relief and state the facts supporting each ground). Even for the claims in which he provided a modicum of factual context, Evans does not sufficiently describe deficient performance or resulting prejudice and still relies on conclusory statements. After reviewing the record of the proceedings and all of Evans' remaining claims of ineffective assistance of counsel, I find that Evans fails to describe any meritorious claim. Accordingly, the ineffective assistance claims must be dismissed.

V.

Evans has filed a Motion to Amend the § 2255 motion in order to challenge his purported Career Offender status pursuant to *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013), and *Whiteside v. United States*, 748 F.3d 541, 551 (4th Cir. 2014), which held that "an erroneous application of the career offender enhancement amounts to a fundamental miscarriage of justice that is cognizable on collateral review." Evans also seeks to add a citation in support of a new *Brady*[5] claim about allegedly abusive discovery practices.

---

[5] *Brady v. Maryland*, 373 U.S. 83, 84 (1963).

I will deny the Motion to Amend as futile. *See* Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Motion to Amend does not relate back to the § 2255 motion in accord with Federal Rules of Civil Procedure 15(c) and consequently, the claims are untimely filed and without a basis to equitably toll the limitations period. *See United States v. Pittman*, 209 F.3d 314, 316-17 (4th Cir. 2000); *see also* 28 U.S.C. § 2255(f); *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Wilson v. Warden*, 581 F. App'x 750, 753 (11th Cir. 2014) (unpublished). Even if it could relate back, I did not resentence Evans as a Career Offender. Furthermore, a challenge to a career offender enhancement could have been raised on appeal but was not, and Evans does not establish a basis to excuse that default. Similarly, the issues discussed in the Motion to Amend fall within the collateral attack waiver in the Plea Agreement, and it has already been determined that Evans knowingly and intelligently agreed to that waiver. Moreover, Evans' reliance on *Whiteside* is misplaced because that panel decision was later vacated by the court of appeals in *Whiteside v. United States*, 775 F.3d 180, 181 (4th Cir. 2014) (en banc).

-10-

VI.

In conclusion, I will deny Evans' Motion to Amend, grant the United States' Motion to Dismiss, and dismiss the Motion to Vacate, Set Aside, or Correct Sentence. A separate Final Order will be entered herewith.

DATED: April 9, 2015

/s/ James P. Jones
United States District Judge