# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:08CR00024-001 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **DERRICK LAMONT EVANS,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant has filed a motion to reduce sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018) ("2018 FSA" or "Act"), which made retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010) ("2010 FSA"). I find the defendant ineligible for relief and I will deny the motion.

Section 2 of the 2010 FSA reduced the penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). After the enactment of the 2010 FSA, a violation of 21 U.S.C. § 841(a)(1) must involve at least 280 grams of cocaine base, rather than 50 grams, to trigger the 10-years-to-life penalty

range of 21 U.S.C. § 841(b)(1)(A) and 28 grams of cocaine base, rather than five grams, to trigger the 5-to-40 years penalty range of 21 U.S.C. § 841(b)(1)(B). The 2018 FSA provides that the court may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if the 2010 FSA were in effect at the time the defendant's crime was committed. 2018 FSA § 404(b). However, defendants are ineligible for a reduced sentence under the 2018 FSA if their sentence "was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." 2018 FSA § 404(c).

The defendant was indicted in this court on May 28, 2008, and charged with conspiring to distribute and possess with the intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. The United States filed an Information to establish the defendant's prior convictions pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851, subjecting him to a mandatory term of life imprisonment.

On August 13, 2008, the defendant pleaded guilty pursuant to a written Plea Agreement. The agreement acknowledged that the United States had filed an Information pursuant to 21 U.S.C. § 851, subjecting the defendant to an increased penalty, and the defendant agreed and stipulated that he had been convicted of North Carolina drug offenses. The Plea Agreement also included stipulations to

the application of the career offender enhancement under U.S. Sentencing Commission Guidelines Manual ("USSG") § 4B1.1, and a four-level enhancement under USSG § 3B1.1(a) for being an organizer or leader of a criminal activity that involved five or more participants. The defendant was held accountable for approximately 8.4 kilograms or more of cocaine base. As a career offender, the defendant was determined to have a total offense level of 42, and a criminal history category of V, which under the USSG produced a guideline range of 360 to 480 months imprisonment.

After his guilty plea, the defendant breached the terms of his Plea Agreement, and as a result, the United States declined to dismiss the convictions from the § 851 Information. On August 14, 2009, the defendant was sentenced to the mandatory minimum term of life imprisonment and a ten-year term of supervised release.

On February 28, 2012, the United States Court of Appeals for the Fourth Circuit vacated the defendant's sentence and remanded it for resentencing in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), pursuant to which the defendant's prior North Carolina convictions did not qualify as predicate felonies.

On May 11, 2012, the defendant was resentenced, and the court applied the 2010 FSA's reduced penalties for offenses involving cocaine base in the

resentencing. The defendant was resentenced to 300 months imprisonment and a ten-year term of supervised release. His current release date from imprisonment is projected to be March 27, 2030.

Because the defendant's sentence has already been reduced in accordance with section 2 of the 2010 FSA, he is ineligible for a further sentence reduction under the 2018 FSA. Moreover, even if the defendant were eligible for a reduction under FSA 2018, I would decline to reduce his sentence in light of the serious nature of his crime, including his role as a leader of the large crack cocaine conspiracy. While I have carefully considered the defendant's counsel's arguments that the defendant, if eligible, should receive a substantial reduction because of his programming classes in prison, I believe the nature and circumstances of his crime would outweigh that particular history.

Accordingly, it is hereby **ORDERED** that the Motion to Reduce Sentence, ECF No. 3621, is DENIED.

    ENTER: March 14, 2019

    /s/ *James P. Jones*
    United States District Judge