# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:08CR00024-001 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **DERRICK LAMONT EVANS,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Derrick Lamont Evans, pro se defendant.*

The defendant, Derrick Lamont Evans, has filed a pro se entitled "Motion for Reduction in Sentence/782 Amendment 18 U.S.C. § 3582(c)(2)."

After his guilty plea to a charge of conspiracy to possess with intent to distribute and distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846, Evans was originally sentenced in 2009 to a statutory minimum mandatory term of life imprisonment. His sentence was vacated and remanded for resentencing in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), pursuant to which the defendant's prior North Carolina convictions did not qualify as predicate felonies. On May 11, 2012, Evans was resentenced below the guideline range as a variance to a 300-month term of imprisonment.

In 2015 Evans filed a motion to reduce his sentence under § 3582(c)(2), based on Amendment 782 to the U.S. Sentencing Commission's Guideline Manual (USSG), effective November 1, 2014. USSG Supp. App. C 59–69 (2021), Amendment 782 generally reduced the guidelines applicable to drug trafficking offenses by two levels. The reduction was made retroactive by Amendment 788. *Id.* at 80–82. Evan's motion was denied by the court because his existing sentence of 300 months imprisonment was below his new guideline range applying Amendment 782 (360 months to life). Order, Aug. 18, 2015, ECF No. 3299, *aff'd*, No. 15-7395 (4th Cir. Mar. 1, 2016) (unpublished).

Evans thereafter filed a motion for a reduction in sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018), which made retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010), which had reduced the penalties for offenses involving cocaine base. Because Evans was sentenced after the effective date of the First Step Act of 2010, he was not eligible for further relief. Op. & Order, Mar. 14, 2019, ECF No. 3663, *aff'd*, No. 19-6438 (4th Cir. Feb. 25, 2020) (unpublished).

For the same reason that the 2015 Amendment 782 motion was denied, this motion must also be denied.

Evans led an expansive crack cocaine distribution ring involving over fifty indicted co-conspirators. Evans and his coconspirators distributed large amounts of crack cocaine in Southwest Virginia and Northeast Tennessee, using residential homes and business facilities from which to store and sell the product. Evans purchased powder cocaine, converted it to crack, employed a team of lower-level dealers to sell the product, and made hundreds of sales directly to users. Even if he were eligible for relief under Amendment 782, which he is not, I would not exercise my discretion to reduce his sentence.

It is **ORDERED** that the present motion, ECF No. 4043, is DENIED.

ENTER: May 31, 2022

/s/  JAMES P. JONES
Senior United States District Judge